IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DYNAPASS IP HOLDINGS LLC, § § § *Plaintiff*, § v. § JPMORGAN CHASE & CO., et al, § § § *Defendant*. § | CIVIL ACTION NO. 2:22-cv-0212-JRG-RSP (LEAD CASE) |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Leave to Serve Amended Infringement Contentions to Certain Defendants, and Request for Clarification Regarding the JP Morgan Chase Defendants. (Dkt. No. 171.) After consideration, the Court **GRANTS** Plaintiff's motion as provided below.

I. BACKGROUND

The present motion comes about in light of certain amendments Dynapass proposes to make to its infringement contentions as to all defendants except the JP Morgan Chase Defendants (the "defendants") in light of this Court's October 31, 2023 Claim Construction Order. In particular, Dynapass seeks to amend its contentions in light of the "password" construction.

Previously, Dynapass served the proposed amendment on defendants on November 20, 2023 under P.R. 3-6(a). (Opp. at 2.) Defendants moved to strike this amendment contending Dynapass was not entitled to amend its contentions under P.R. 3-6(a). (*See* Dkts. 146, 153.) On December 20, 2023, the Court heard argument and granted defendants motions and struck Dynapass's amended infringement contentions, finding Dynapass was not entitled to amend its infringement contentions under P.R. 3-6(a) but could move to amend under P.R. 3-6(b) while

1

noting a continuance of the trial would likely be needed. (*See* Dkt. 170.)

Dynapass now brings such a motion.

## II. APPLICABLE LAW

"Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## III. ANALYSIS

### a. Diligence and Reason for the Delay

Dynapass argues it is justified in its delay as its amendments were only necessitated by the Court's claim construction order. (Mot. at 4.) Dynapass further argues because it served its amended infringement contentions within mere weeks of the claim construction order necessitating its amendment, it was sufficiently diligent to permit its amendment. (*Id*.)

Defendants contend Dynapass did not have good reason for failing to amend its contentions before now. (Opp. at 4.) First, defendants argue Dynapass's amendments are not necessitated by the Court's claim construction as the argument was available previously. (*Id*.) Defendants further argue because the construction was based on a plain reading of the term at issue, Dynapass could

2

not have been diligent. (*Id*. at 5.) Third, Defendants note this is not a case where non-public information was uncovered, rather all the information Dynapass bases it's amendment on were known by Dynapass previously. (*Id*. at 6.) Finally, defendants argue that they identified the issue Dynapass's amendment attempts to address at least a year earlier and again during claim construction briefing. (*Id*. at 11.)

The Court finds that Dynapass was not so dilatory as to prevent amendment. While Dynapass may have been able to prepare the contentions it now presents if it had understood the claim terms as the Court has construed them, under the circumstances of this case, and given the importance that Dynapass argues, the Court does not find sufficient lack of diligence to foreclose amendment.

### b. Potential Prejudice

Dynapass argues any prejudice to defendants would be minimal. (Mot. at 4.) Dynapass notes defendants previously alleged such an amendment would prejudice their ability to present invalidity and non-infringement arguments but argues a three-month continuance would alleviate any such prejudice. (*Id*. at 4-5.) Dynapass notes per the court's standard docket control order, invalidity contentions are due 6 weeks after the scheduling conference and Defendants were able to complete much of their invalidity discovery within three months. (*Id*. at 6-8.)

Defendants primarily contend that any amendment made at this stage is excessively prejudicial. (Opp. at 9-12.) Defendants do offer particularized complaints, namely that the proposed amendment involves "a completely new and different system" that fundamentally changes the infringement theories. (*Id*. at 11.) Defendants contend that this necessitates entirely new defense strategies, new prior art, invalidity theories and supporting discovery. (*Id*.) Defendants argue this is sufficient prejudice to prevent the amendment.

3

Defendants further argue that this prejudice would not be alleviated by Dynapass's proposed continuance. First, Defendants argue a continuance would simply require the parties to relitigate the case, this itself would be prejudicial. (*Id*. at 12-13.) Second, defendants argue that Dynapass's showing that relevant discovery was completed in three months is misleading that it could be done so again. (*Id*. at 13.) In particular, Defendants point to an inventor of one of the asserted patents in poor health, advanced age, and located abroad in Sweden as being unlikely to be willing to provide a further deposition. (*Id*.) Defendants also note that the exemplary time identified by Dynapass does not account for the time to identify parties to be subpoenaed or, in the case of invalidity contentions, to prepare the contentions. (*id*. at 13-15.)

The Court finds that the proposed continuance and amendments would be prejudicial to defendants but not to an extent that would not be cured by the continuance. The Court does not find persuasive that the proposed amendment requires defendants to completely rework their entire case from the ground up as Defendants seem to argue. It is not clear that Dynapass's new infringement position mandates changes in defendants' invalidity case or would require any particular deposition to be retaken. Certainly, defendants will need to prepare somewhat different non-infringement arguments, but since Dynapass appears to believe it received sufficient discovery to prepare its position, it seems unlikely defendants are completely unprepared for it from a discovery perspective. As such the Court expects defendants will only need limited, targeted further discovery to address the proposed amendments, and the proposed three-month continuance would more than suffice to mitigate the prejudice.

### c. Importance of the Matter

Dynapass argues its proposed amendments are necessary because the Court's claim construction eliminated it prior position. (Mot. at 4.) Defendants contend the amendments are

ultimately futile as they run afoul of the Court's claim construction and are thus unimportant. (Opp. at 7-8.) In particular, defendants argue the position that a "User ID" is the "passcode" contradicts the specification which describes the User ID as distinct from the passcode rather than an example of one. (*Id*. at 8.) Defendants further contend the new position acknowledges the passcode and token are not combined as required by the Court's claim construction. (*Id*.) Finally, Defendants contend Dynapass's new position as to "session ID" is an attempt to use the doctrine of equivalents to reclaim disclosed but unclaimed embodiments dedicated to the public. (*Id*. at 8-9.)

The Court cannot, on this record, find that Dynapass's proposed amendments are futile. Whether Defendants are correct is for summary judgment or trial, not an opposition to a motion to amend to decide these complex issues.[1] Defendants do not contest that the Court's claim construction excludes Dynapass's prior position, and thus a new position is necessary for Dynapass's infringement case. The Court finds the proposed amendment is important.

### d. JPMorgan Chase Defendants

Finally, Dynapass requests clarification regarding the JPMorgan Chase Defendants. (Mot. at 8.) Dynapass believes that because it does not seek leave to amend its infringement contentions as to these defendants, there is no need for a continuance. (*Id*.) The JPMorgan Chase Defendants contend that Dynapass's proposed amendments change how the claims are read and thus impact their invalidity position and they should be included in any proposed continuance. (*See* Dkt. No. 172.) JP Morgan Chase Defendants further argue Dynapass's proposed "de-consolidation" would significantly prejudice them as they share invalidity contentions and an invalidity expert with the other defendants. (*Id*. at 2.)

---

[1] The Court does not find that futility may never foreclose the importance of an amendment, only that it has not done so here.

The Court finds that the cases should remain consolidated. While the infringement cases between JP Morgan Chase and the other defendants are different, these arguments were always different. Thus, from an efficiency perspective, little has changed. It will be more efficient for the parties to raise pretrial issues together, and deconsolidating JP Morgan Chase would disrupt this.

## IV.　CONCLUSION

As the proposed amendments are important and a continuance will mitigate the prejudice, the Court therefore **GRANTs** Plaintiff's Motion.

It is **ORDERED** that fact discovery will reopen for about three months from the date of this order, all defendants will be permitted to serve supplemental invalidity expert reports at the close of this period, and expert discovery will reopen. The parties are directed to confer on what other reports may be served by either side, and the deadlines therefor. Any agreements should be reflected in the proposed DCO ordered below. Any unresolved disputes shall be addressed in a joint notice filed with the proposed DCO.

Jury selection and trial is reset to July 22, 2024 with the pre-trial conference reset for June 17, 2024.

The Parties are instructed to file a joint proposed amended docket control order within 2 weeks of this order based on the above trial and pre-trial conference dates.

**SIGNED this 19th day of January, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE