IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DYNAPASS IP HOLDINGS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> JPMORGAN CHASE & CO., et al, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:22-cv-00212-JRG-RSP <br> (Lead Case) |

**MEMORANDUM ORDER**

Before the Court is Bank of America Corporation's and Bank of America, N.A.'s Motion to Strike Justin R. Blok's Second Supplemental Report. (Dk.t No. 212.) For the reasons provided below, the Court **DENIES** the Motion.

### I.   BACKGROUND

The Court entered its claim construction order on October 31, 2023. Therein the Court construed "password." This construction ultimately required Plaintiff to amend its infringement contentions. After cross motions to strike and amend, the Court granted Plaintiff leave to amend its infringement contentions but struck new allegations against "SafePass" in December 2023. To accommodate these amendments, the Court granted a continuance and ordered a new opening expert report deadline of May 20, 2024.

Plaintiff did not supplement Mr. Blok's report until June 4, 2024 to address newly entered license agreements. Plaintiff then supplemented Mr. Blok's report again on June 13, 20224 to remove SafePass which also necessitated a new hypothetical negotiation date and different negotiating parties as well as a new royalty base.

### II.   ANALYSIS

If a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

A court considers four factors in determining whether a Rule 26 violation is harmless: (1) the party's explanation, if any, for its failure to disclose the information in a timely manner; (2) the prejudice to the opposing party if the evidence is admitted; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the evidence. *See Texas A & M Research Found. v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Courts have broad discretion in determining whether to admit expert submissions under Rule 37(c). *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 583 (5th Cir. 2004).

### A.  DILIGENCE

Bank of America contends there is no explanation for waiting nearly 7 months to address the Court's order striking SafePass. Bank of America points to the fact Mr. Blok contended in his deposition that he only learned that SafPass was no longer in the case shortly before his June 10 deposition. Bank of America contends that with such a lack of diligence, the remaining factors cannot justify Plaintiff's late supplementation.

Plaintiff contends Mr. Blok did not learn that SafePass was no longer in the case until shortly before his deposition when he spoke to another of Plaintiff's experts. Plaintiff contends from there, Mr. Blok supplemented his report as soon as he could and informed Bank of America of his upcoming supplementation during his deposition.

Plaintiff contends it assumed that there would be no impact on Mr. Blok's opinions from SafePass being struck except that those sections would be removed. Plaintiff contends that this is materially the impact as Mr. Blok's methodology does not materially change and the only real impact is that SafePass is no longer included in Mr. Blok's calculations.

First, the Court notes that this issue should have been raised in a motion to amend filed by Plaintiff. It is not generally permitted for a party to unilaterally supplement an expert report after the deadline.

Second, the Court finds that Plaintiff was not diligent here and this factor weighs against allowing the supplemental report. Plaintiff failed, for 7 months, to review its own expert's report or, apparently, to understand how it was formatted. While Mr. Blok seems to hardly be at fault and was diligent in seeking to amend his own report, Plaintiff's counsel lacked diligence.

### B. IMPORTANCE

Bank of America contends no importance can outweigh the lack of diligence presented here and that if it was important, Plaintiff would have met the May 20 deadline.

Plaintiff argues that because this issue directly impacts its damages case and simplifies the case by aligning the opposing expert's opinions. Plaintiff argues this makes the amendment important.

The Court finds that the supplemental report is important. The Court is unconvinced by Bank of America's "if it was important, it would have been timely" argument. Such an argument would apply equally to any motion under Rule 37 as would the argument that "if it weren't important, no one would move to strike." Such arguments do not move the needle. In contrast, correcting materially incorrect hypothetical negotiation dates and parties is important even if, as here, they do not alter the expert's overall methodology.

### C. POTENTIAL PREJUDICE

Lastly, Bank of America contends with expert discovery closed and the deposition of Mr. Blok taken before the supplemental report, it is materially prejudiced. Bank of America contends that it now has no opportunity to offer expert rebuttal to Mr. Blok's changes and would be forced to cross Mr. Blok blind at trial.

Plaintiff contends Bank of America is not prejudiced as there is no material change to Mr. Blok's methodology and Mr. Blok testified to such during his deposition. Plaintiff points out Bank of America had the opportunity and did ask Mr. Blok about his opinions on the changes he intended

to make in his report, but Mr. Blok testified that "the royalty rate would be unchanged." Plaintiff further argues this change aligns with Defendants' expert opinions and reduced the damages ask. Thus, Bank of America is not prejudiced by this change.

The Court finds Bank of America has identified little prejudice here. While the opportunity to respond is material, Bank of America has not identified what response it has not been able to make. Likewise, Bank of America has made no showing that it was unable to depose Mr. Blok on the changes to his report. Rather, from Plaintiff's showing, these changes are fairly simple and agreed by both parties' experts and there is little that Bank of America is unprepared to address.

### III. CONCLUSION

Balancing the above factors, the Court finds the Bank of America's motion should be denied. While Plaintiff was demonstrably not diligent, Bank of America did not show material prejudice or a lack of importance. The Court finds that, here, Plaintiff's lack of diligence is outweighed by the lack of prejudice and importance found by the Court. Therefore, the Court **DENIES** Bank of America's motion.

Should Bank of America determine that it can justify relief other than striking the report, the Court directs it to file a supplemental brief requesting such mitigating relief after a good faith meet and confer with Plaintiff.

**SIGNED this 10th day of July, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE